# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BILL CHAPMAN, JR, and <br> LISA CHAPMAN. <br>     Plaintiff. <br><br> v. <br><br> JP MORGAN CHASE BANK, N.A., CHASE HOME FINANCE, LLC and WILSON & ASSOCIATES, PLLC. <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> )    NO: _____ <br> ) <br> ) <br> )    JURY DEMAND <br> ) <br> ) |

## VERIFIED COMPLAINT

Come now the Plaintiff, Bill Chapman, Jr., by and through counsel, and for cause of action against the Defendants would state as follows:

### PARTIES

1. Plaintiff, Bill Chapman, Jr., is a citizen and resident of Brentwood, Williamson County, Tennessee, residing at 6336 Waterford Drive, Brentwood, Tennessee 37027.

2. Defendant JP Morgan Chase Bank, N.A. ("JP Morgan") is a national banking association organized and existing under the laws of the United States of America, with its headquarters and principal place of business in New York, New York, and doing business in the state of Tennessee.

3. Defendant Chase Home Finance LLC ("SunTrust") is a Delaware limited liability company with its principal place of business in Iselin, New Jersey.

4. Defendant Wilson & Associates, PLLC ("W&A") is an Arkansas professional limited liability company with its principal place of business in Little Rock, Arkansas.

## JURISDICTION

5. This Court has jurisdiction over the parties and subject matter herein, including Tennessee state law claims, because the Defendants regularly conduct business in the state of Tennessee and because the subject property is located in Williamson County, Tennessee.

6. Venue is proper in this Court because the subject property is located in Williamson County, Tennessee.

## TRADE AND COMMERCE

7. Defendants have, at all times described below, engaged in conduct which constitutes "trade," "commerce," and/or a "consumer transaction" and the offering of, or providing of, "goods" and/or "services" as defined in Tennessee Code Annotated § 47-18-103(5), (10), and (11).

## FACTS

8. Plaintiff, along with his wife, is a homeowner in the State of Tennessee, residing in his home at 6336 Waterford Drive, Brentwood, Tennessee 37027 (the "Property").

9. On or about November 15, 2006, Plaintiff, along with his wife, purchased the Property by obtaining a first mortgage loan (the "Promissory Note") through AmSouth Bank ("AmSouth") and giving a deed of trust (the "Deed of Trust") to Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for AmSouth. A copy of the deed of trust is attached hereto as Exhibit A.

10. On or about February 25, 2010, MERS attempted to assign its interest in the Deed of Trust to Defendant Chase. The Assignment of Deed of Trust from MERS to Defendant Chase was executed by Beth Cottrell, in her capacity as Vice President of MERS. A copy of Assignment of Deed of Trust from MERS to Defendant Chase is attached hereto as Exhibit B.

11. On information and belief, at the time Ms. Cottrell signed the Assignment of Deed of Trust from MERS to Defendant Chase, Ms. Cottrell was not an employee of MERS or of Regions Bank (successor to AmSouth). Rather, Ms. Cottrell was an employee of Defendant Chase. Accordingly, Ms. Cottrell operated under a conflict of interest that would prevent her from acting on behalf of Regions Bank and executing the Assignment of Deed of Trust on behalf of MERS or Regions Bank to Ms. Cottrell's employer.

12. On information and belief, Defendant Chase caused Ms. Cottrell to execute the Assignment of Deed of Trust with full knowledge that Ms. Cottrell had a conflict of interest and could not validly execute the Assignment of Deed of Trust.

13. On information and belief, Regions Bank, as successor in interest to AmSouth, assigned its interest in the Promissory Note to Defendant JP Morgan. A copy of Promissory Note showing the undated assignment from Regions Bank to Defendant JP Morgan is attached hereto as Exhibit C.

14. On numerous occasions, representatives of Chase and W&A informed the Plaintiff during telephone conversations that the Promissory Note and Deed of Trust were owned or held by Wells Fargo. The last such telephone conversation occurred on May 8, 2012 between the Plaintiff and Michael Wilson, a representative of W&A, in which Mr. Wilson stated to the Plaintiff that the Promissory Note was owned by Wells Fargo.

15. On information and belief, each of the Defendants is a debt collector under the federal Fair Debt Collection Practices Act (the "FDCPA").

16. On December 19, 2011, Defendant W&A, acting on behalf of Defendants JP Morgan and Chase, sent a debt collection letter to the Plaintiff and his wife attempting to

collect on the Promissory Note. A copy of the December 19, 2011 letter is attached hereto as Exhibit D.

17. On January 9, 2012, Defendant Chase sent separate debt collection letters to the Plaintiff and his wife in an attempt to collect on the Promissory Note. In those letters, Defendant Chase admits that it is a debt collector. Copies of the January 9, 2012 letters is attached hereto as Exhibit E.

18. On May 3, 2012, in response to a written request from the Plaintiff for information regarding the current holder of the Promissory Note and Deed of Trust, Defendant Chase disclosed that it no longer owns or holds the Promissory Note. Rather, Defendant Chase admits that the Promissory Note was "sold into a public security managed by Wells Fargo Bank and may include a number of investors." Accordingly, none of the Defendants currently own or hold the Promissory Note. A copy of the May 3, 2012 letter from Defendant Chase is attached hereto as Exhibit F.

19. On information and belief, Wells Fargo manages many public mortgage-backed securities. However, at no time relevant to this action has any of the Defendants disclosed the specific public security to which the Promissory Note was sold.

20. There now exists a genuine issue regarding whether or not any of the Defendants hold the Promissory Note or the Deed of Trust or possesses the authority to collect on the Promissory Note or conduct a foreclosure sale upon the Property.

### COUNT I - VIOLATION OF THE DEED OF TRUST
### (as to Defendants JP Morgan and Chase)

21. Plaintiff repeats and re-alleges each and every item and allegation above as if fully and completely set forth herein.

22. Neither Defendant JP Morgan nor Defendant Chase had the authority to appoint Defendant W&A as substitute trustee and, as a result, Defendant W&A does not have authority to foreclose on the Property.

### COUNT II – INJUNCTIVE RELIEF
### (as to all Defendants)

23. Plaintiff repeats and re-alleges each and every item and allegation above as if fully and completely set forth herein.

24. Defendants do not have proper authority to conduct the foreclosure sale because the true holder of the Promissory Note did not authorize the appointment of the Substitute Trustee or assign its interests to the Defendants. As a result, the attempt to foreclose by the Defendants is wrongful.

25. Plaintiff seeks injunctive relief to prevent the Defendants from further attempts to foreclose on the Property.

### COUNT III – QUIET TITLE
### (as to all Defendants)

26. Plaintiff repeats and re-alleges each and every item and allegation above as if fully and completely set forth herein.

27. The claims of the Defendants, JP Morgan, Chase, and W&A, and each of them, are without any right whatsoever and such Defendants have no right, title, estate, lien, or interest whatsoever in the Property, or any part thereof. Accordingly, Plaintiff seeks to quiet title as to Defendants JP Morgan, Chase, and W&A.

28. Plaintiff seeks to quiet title against the claims of unknown defendants, as to any other right, estate, lien, or interest whatsoever in the Property that may be recorded in relation to the Deed of Trust.

## COUNT IV – DECLARATORY JUDGMENT
### (as to all Defendants)

29. Plaintiff repeats and re-alleges each and every item and allegation above as if fully and completely set forth herein.

30. An actual controversy has arisen and now exists between Plaintiff and the Defendants as to their respective rights and duties regarding the Property.

31. Plaintiff desires a judicial determination of the rights and interests of the Defendants in the Property and a declaration that the Deed of Trust allegedly held by the Defendants is void.

## COUNT V – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (as to All Defendants)

32. Plaintiff repeats and re-alleges each and every item and allegation above as if fully and completely set forth herein.

33. Defendants' actions to collect debt that was not owed to any of the Defendants was a violation of the Fair Debt Collection Practices Act (the "FDCPA"). The Defendants' violations include, but are not limited to, the following:

   a. Violations of 15 U.S.C. § 1692f(1) by attempting to collect amounts, including but not limited to interest, attorneys' fees, collection costs, and expenses, not authorized by the agreement of the parties; and

   b. Violations of 15 U.S.C. § 1692f(6) by threatening to take nonjudicial action to foreclose on the Property when there is no present right to possession of the Property through an enforceable security agreement.

# RELIEF SOUGHT

WHEREFORE, having set forth various causes of action against the Defendants, the Plaintiff prays for the following relief:

1. That Court award injunctive relief to the Plaintiff against all Defendants to prevent the foreclosure of the Property;

2. For a judicial declaration that the Defendants do not have a valid security interest in the Property.

3. That the Plaintiff be awarded consequential damages, including attorney's fees incurred to bring this action, in an amount to be fully proven at the time of trial,;

4. That the actions of all Defendants be determined to be violations of FDCPA and that this Court award all such relief to Plaintiffs as they may be entitled to, including but not limited to actual damages, statutory damages pursuant to 15 U.S.C. § 1692k, and an award of costs and reasonable attorney's fees; and

5. That the Plaintiff be awarded such other relief as the Court deems just and proper.

Respectfully submitted,

*s/John F. Higgins*
John F. Higgins, Esq.
306 Gay Street, Suite 100
Nashville, Tennessee 37201

*Attorney for Plaintiff*

# VERIFICATION

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Bill Chapman, Jr., the Plaintiff, having personal knowledge of the facts herein alleged, do make oath that (i) I am an adult citizen competent to testify to the matters stated herein, (ii) I have read the foregoing Verified Complaint, and (iii) the facts alleged in the Verified Complaint are true to the best of my information and belief.

_____
Bill Chapman, Jr.


STATE OF TENNESSEE
COUNTY OF DAVIDSON

Sworn to and subscribed before me, the undersigned Notary Public, of the state an county mentioned above, witness my hand and seal at office in Nashville, Tennessee, this the _____ day of June, 2012.

_____
NOTARY PUBLIC
My Commission Expires: _____

# VERIFICATION

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Bill Chapman, Jr., the Plaintiff, having personal knowledge of the facts herein alleged, do make oath that (i) I am an adult citizen competent to testify to the matters stated herein, (ii) I have read the foregoing Verified Complaint, and (iii) the facts alleged in the Verified Complaint are true to the best of my information and belief.

_____
Bill Chapman, Jr.


STATE OF TENNESSEE
COUNTY OF DAVIDSON

Sworn to and subscribed before me, the undersigned Notary Public, of the state an county mentioned above, witness my hand and seal at office in Nashville, Tennessee, this the _____ day of June, 2012.

_____
NOTARY PUBLIC
My Commission Expires: _____