IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BILL CHAPMAN, et al.        )
                            )
v.                          ) NO. 3-12-0623
                            ) JUDGE CAMPBELL
JP MORGAN CHASE BANK,       )
et al.                      )

MEMORANDUM

Pending before the Court is Defendants' Motion for Summary Judgment (Docket No. 47). For the reasons stated herein, Defendants' Motion is GRANTED.

FACTS

Plaintiffs' First Amended Complaint alleges that in November of 2006, Plaintiffs obtained a mortgage loan through AmSouth Bank to purchase property in Brentwood, Tennessee, and executed a Deed of Trust on the property to Mortgage Electronic Registration Systems, Inc. ("MERS"). Plaintiffs contend that all Defendants herein are "debt collectors," as that term is defined in the Fair Debt Collection Practices Act ("FDCPA"). Plaintiffs argue that there are genuine issues regarding whether any of the Defendants herein holds the subject Note or Deed of Trust or possesses authority to collect on the Note. Plaintiffs also contend that none of the Defendants has standing to conduct a foreclosure sale on the subject property.

Plaintiffs have sued for violation of the Deed of Trust, for injunctive relief, to quiet title, for declaratory judgment, and for violations of the FDCPA. Defendants Chase,[1] MERS and Wells

---

[1] Defendants JP Morgan Chase Bank and Chase Home Financial LLC are referred to herein as "Chase.

Fargo[2] have moved for summary judgment, alleging that because the undisputed factual evidence shows that Plaintiffs' loan was properly assigned to U.S. Bank National Association as Trustee for the J. P. Morgan Trust 2007-SI Trust and Defendant Chase is the servicer of the loan, each of Plaintiffs' claims fails as a matter of law.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive

---

[2] Defendant Wilson & Associates, PLLC was dismissed from this action on November 16, 2012. Docket No. 39.

summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## DISCUSSION

Plaintiffs do not dispute that they executed the original Note and Deed of Trust in connection with a home loan. In response to Defendants' Motion, Plaintiffs do not dispute that Defendants may be entitled to collect on the Note instrument at issue.[3] Plaintiffs argue, rather, that the Deed of Trust is voidable *ab initio* because the assignment of it to Chase is a forgery.[4] Plaintiffs' citations and authority do not support this position.

The evidence in the record shows that Plaintiffs' Deed of Trust was assigned, on February 25, 2010, from MERS, as Nominee for Regions Bank d/b/a AmSouth Bank to Chase Home Finance, LLC. Docket No. 35-3. Although Plaintiffs object to this document as a "forgery," there is no evidence that Beth Cottrell, the person who signed this properly notarized document was not, in fact, the person she represented herself to be. If she was both a Vice President of MERS and also an employee of Chase, as Plaintiffs contend, it does not make this Assignment a forgery. Plaintiffs have not shown that Ms. Cottrell was not authorized by MERS to execute this document and have cited no authority for the idea that Ms. Cottrell could not have had the authority to sign the document on behalf of MERS if she was employed by Chase.

Next, the evidence in the record shows that JPMorgan Chase Bank National Association was a Successor by Merger to Chase Home Finance, LLC. Docket No. 35-5. Plaintiffs have not shown

---

[3] *See* Docket No. 56-2, p. 2.

[4] "Forgery" is defined as the act of fraudulently making a false document or altering a real one to be used as if genuine. Black's Law Dictionary (9th ed. 2009).

3

that this merger was improper or did not occur. The evidence also reflects that JPMorgan Chase Bank National Association assigned Plaintiffs' Deed of Trust to U.S. Bank National Association as Trustee for the J.P. Morgan Mortgage Trust 2007-S1("the Trust") on March 7, 2012. Docket No. 35-5. Thus, the Deed of Trust was conveyed from Regions Bank to Chase Home Finance, to JPMorgan Chase Bank, to US Bank as Trustee for the Trust. Plaintiffs have not shown these transfers to be forgeries or otherwise illegal.[5]

Plaintiffs do not dispute that Chase services loans held by the Trust and Plaintiffs' loan is held by the Trust. Docket No. 63, ¶¶ 10-11.[6] Plaintiffs do not dispute that they have defaulted on this loan. *Id*., ¶ 16. Thus, there is no dispute that Plaintiffs executed the Note and Deed of Trust, there is no dispute that the loan was transferred to U.S. Bank as Trustee for the Trust, there is no dispute that Chase services Plaintiffs' loan for the Trust, and there is no dispute that Plaintiffs have defaulted on their loan. Plaintiffs have not shown a genuine issue of material fact as to Defendants' authority to collect on this Note or enforce this Deed of Trust.

---

[5] Plaintiffs contend that their Deed of Trust "was to be transferred" to the JPMorgan Chase 2007 Trust in March of 2007 pursuant to the JPMorgan 2007 Morgan Trust 2007-S1 Pooling and Servicing Agreement. Docket No. 63, ¶ 19. Plaintiffs indicate that this document is attached. The document to which Plaintiffs apparently refer, Docket No. 56-3, is not a Pooling and Servicing Agreement, however. It is a "Prospectus Supplement." In any event, the Court fails to see how Plaintiffs' assertion at ¶ 19 shows that the Deed of Trust is voidable.

[6] The Note was assigned from Regions Bank DBA Amsouth Bank to U.S. Bank National Association as Trustee for J.P. Morgan Mortgage Trust 2007-S1 through an Allonge to the Mortgage Note. Docket No. 35-4. As Defendants point out, when a Note is transferred, the corresponding Deed of Trust is automatically transferred without the need for any written or recorded formal assignment. Tenn. Code Ann. § 47-9-308(e). Here, however, as set forth above, the Deed of Trust was also assigned.

4

Because Defendants have proper authority to foreclose on this defaulted loan, Plaintiffs have not shown that Defendants violated the subject Deed of Trust (Count I) or that they are entitled to injunctive relief (Count II). Plaintiffs' requests to quiet title and for declaratory judgment (Counts III and IV) are denied. Finally, Plaintiffs' claim for violations of the FDCPA (Count V) is dismissed.

CONCLUSION

For all these reasons, Defendants' Motion for Summary Judgment (Docket No. 47) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE